UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL SPINELLI, et al., | |
| Plaintiffs, | 24-CV-2562 (RA) (RFT) |
| -against- | |
| BRIAN ALBERT BOUCHER, et al., | **ORDER** |
| Defendants. | |

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On November 25, 2024, Plaintiffs obtained a Clerk's Certificate of Default as to Defendant Scott A. Samach d/b/a Europetraveller. (*See* ECF 85.) On March 11, 2025, Plaintiffs obtained a Clerk's Certificate of Default as to Defendant Brian Albert Boucher d/b/a Fotovinting. (*See* ECF 109.) On March 28, 2025, I ordered Plaintiffs to seek default judgment in this action against Defendants Samach and Boucher (the "Defaulting Defendants'), by April 18, 2025, in accordance with Judge Ronnie Abrams's Individual Rules & Practices in Civil Cases (the "Individual Rules"). (*See* ECF 110, Order.)

On April 16, 2025, Plaintiffs filed their Notice of Motion for Default Judgment (ECF 111); the Declaration of Nathaniel A. Kleinman and attached exhibits (ECF 112); a Proposed Order of Default Judgment (ECF 113); and a Proposed Order to Show Cause for Default Judgment (ECF 114).

I have reviewed Plaintiffs' submissions and determined that they do not contain all the information required for the Court to address Plaintiffs' motion for default judgment:

1. Attachment A, Paragraph 3.A.vi of the Individual Rules requires Plaintiffs to set forth "whether, if the default is applicable to fewer than all of the defendants, the Court may appropriately order a default judgment on the issue of damages prior to resolution of the entire action." Plaintiffs have moved for default judgment against fewer than all Defendants in this action. (*See* ECF 42, Answer of Defendant Frank Bifulco d/b/a Sportsaveny.) Plaintiffs' submissions do not explain whether the Court may appropriately order default judgment on the issue of damages before resolution of this action.

2. Attachment A, Paragraph 3.A.viii of the Individual Rules requires Plaintiffs to set forth "legal authority for why an inquest into damages would be unnecessary." Plaintiffs' submissions do not provide such legal authority.

3. Attachment A, Paragraph 3.F of the Individual Rules requires Plaintiffs to submit a "certificate of service stating that all documents in support of the request for default judgment, including the 'Clerk's Certificate of Default' and any papers required by Local Civil Rule 55.2, have been personally served on or mailed to . . . the party against whom default judgment is sought." Plaintiffs' submissions do not include such a certificate of service.

Accordingly, it is ORDERED that by **April 30, 2025**, Plaintiffs shall make a supplemental submission in further support of their motion for default judgment. This submission should contain: (1) an explanation that is sufficient for the Court to determine whether the Court can appropriately order default judgment on the issue of damages before the resolution of this

action; (2) the legal authority for why an inquest into damages would be unnecessary for Plaintiffs' motion for default judgment; and (3) a certificate of service stating all documents in support of Plaintiffs' motion for default judgment have been personally served on or mailed to the Defaulting Defendants.

DATED:   April 22, 2025
         New York, NY

SO ORDERED.

ROBYN F. TARNOFSKY
United States Magistrate Judge