UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

PAUL SPINELLI, et al.,

                Plaintiffs,

    -against-

BRIAN ALBERT BOUCHER, et al.,

                Defendants.

24-CV-2562 (RA) (RFT)

**ORDER**

---

**ROBYN F. TARNOFSKY, United States Magistrate Judge:**

On August 8, 2025, Judge Ronnie Abrams entered a default judgment in this action against Defendant Brian Boucher. (ECF 133, Order.) On August 12, 2025, Judge Abrams referred this matter to me to conduct an inquest to determine appropriate damages. (ECF 134, Am. Order of Ref.)

By **September 3, 2025**, Plaintiffs shall file the following materials in support of their application for damages after Defendant Boucher's default:

    1.    <u>Proposed Findings of Fact and Conclusions of Law</u>. Plaintiffs shall file their Proposed Findings of Fact and Conclusions of Law, which must include:

        a.    <u>The basis for entering a default judgment</u>. The Proposed Findings of Fact and Conclusions of Law must include a description of the method and date of service of the summons and complaint and the procedural history beyond service. Before a judgment can be entered and damages or other relief can be awarded, even after default, the Court must be satisfied that it has personal jurisdiction over Defendant Boucher. *See Sheldon v. Plot*

*Com.*, No. 15-CV-5885 (CBA) (CLP), 2016 WL 5107072, at *6 (E.D.N.Y. Aug. 26, 2016) ("Personal jurisdiction is a necessary prerequisite to entry of a default judgment."), *report and recommendation adopted*, 2016 WL 5107058 (E.D.N.Y. Sept. 19, 2016); *Lliviganay v. Cipriani 110 LLC*, No. 09-CV-0737 (LAK), 2009 WL 1044606, at *1 (S.D.N.Y. Apr. 14, 2009) (lack of proof of proper service "is an independent obstacle to a default judgment"); *Orellana v. World Courier, Inc.*, No. 09-CV-0576 (NGG) (ALC), 2010 WL 3861002, at *2 (E.D.N.Y. Aug. 24, 2010) (denying motion for default judgment where there was "no indication on the docket that [defendant] has been served with the Complaint or any subsequent filings in this action, including the instant motion for default judgment against him"), *report and recommendation adopted*, 2010 WL 3861013 (E.D.N.Y. Sept. 28, 2010). Plaintiffs are advised that failure to adequately establish service on Defendant Boucher may result in denial of Plaintiffs' request for a default judgment against Defendant Boucher.

b. The basis for the Court's exercise of subject matter jurisdiction. The Court must be satisfied that it has subject matter jurisdiction over the action. *See Sheldon*, 2016 WL 5107072, at *9 (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)) ("[C]ourts may not reach the merits of a claim before establishing subject matter jurisdiction.").

c.  <u>The basis for Defendant Boucher's liability</u>. The Court must also be satisfied that the well-pleaded allegations contained in the complaint, which are taken as true after default, are sufficient to state a claim against Defendant Boucher. *See Sheldon*, 2016 WL 5107072, at \*5 (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)) ("It remains the plaintiff's burden to demonstrate that the uncontroverted facts establish the defendant's liability on each cause of action asserted."); *see also Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) ("[T]he court may, on plaintiffs' motion, enter a default judgment if liability is established as a matter of law when the factual allegations of the complaint are taken as true."). The Proposed Findings of Fact and Conclusions of Law must demonstrate, with reference to specific factual allegations contained in the complaint, that those allegations are sufficient to establish Defendant Boucher's liability for each cause of action asserted against him.

d.  <u>The basis for and calculation of all damages and other monetary relief permitted in connection with a judgment against Defendant Boucher</u>. The Proposed Findings of Fact and Conclusions of Law shall contain a concluding paragraph that succinctly summarizes the exact dollar amount

of the damages (or other monetary relief) sought, as well as the precise

terms of any non-monetary relief sought from Defendant Boucher.

2.    <u>Evidentiary Support for Claimed Actual Damages</u>. Plaintiffs must provide

evidence sufficient to permit the Court to "ascertain the amount of damages with reasonable

certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999).

Consequently, if Plaintiffs seek actual (as opposed to statutory or nominal) damages, the

Proposed Findings of Fact and Conclusions of Law must be supported by one or more

declarations or affidavits on personal knowledge, which may attach and authenticate any

documentary evidence needed to establish the proposed damages. All evidence submitted in

support of Plaintiffs' request for damages or other relief must be in admissible form. Each

proposed finding of fact shall be followed by a citation to the paragraph of the declaration

and/or page of documentary evidence that supports each such proposed finding. In addition,

the Proposed Findings of Fact and Conclusions of Law should demonstrate how Plaintiffs have

arrived at the proposed damages figure and should specifically tie the proposed damages to

their legal claim(s) against Defendant Boucher.

3.    <u>Support for Requested Attorneys' Fees</u>. Any request for attorneys' fees must be

supported by contemporaneous time records authenticated by counsel and showing, for each

attorney or other timekeeper, the date of service, the hours expended, the hourly rate charged

(if applicable), and the nature of the work performed. Plaintiffs must also submit admissible

evidence identifying each attorney or other timekeeper and describing his or her background

and qualifications, as well as evidence documenting Plaintiffs' costs and expenses.

If Plaintiffs intend to rely on any prior submissions for any of the above-listed requirements for supporting their application for a damages judgment against Defendant Boucher, then Plaintiffs shall so state in a letter, to be filed by **August 15, 2025**, which letter must: (1) identify the requirement for which Plaintiffs intend to rely on a prior submission and (2) identify the ECF docket number(s) and page(s) on which Plaintiffs intend to rely to support each such requirement.

Plaintiffs are further **ORDERED** that, prior to filing, Plaintiffs shall serve Defendant Boucher by mail and email with Plaintiffs' Proposed Findings of Fact and Conclusions of Law, together with supporting materials and a copy of this Order. Plaintiffs shall file proof of such service along with their Proposed Findings of Fact and Conclusions of Law. *See* Local Civil Rule 55.2(a)(3) ("[A]ny party seeking a default judgment must file . . . a certificate of service stating that all documents in support of the request for default judgment . . . and any papers required by this rule, have been personally served on, or mailed to . . . the party against whom default judgment is sought.").

And it is further **ORDRED** that, no later than **September 24, 2025**, Defendant Boucher shall serve upon Plaintiffs' counsel and file with the Court their responses, if any, to Plaintiffs' Proposed Findings of Fact and Conclusions of Law and supporting materials.

The Court hereby notifies the parties that it may conduct the damages inquest based solely upon the written submissions of the parties. *See Finkel*, 577 F.3d at 87 (Rule 55(b) "permit[s], but [does] not requir[e], a district court to conduct a hearing before ruling on a default judgment"); *Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991)

("[A]ffidavits, evidence, and oral presentations by opposing counsel" constituted "sufficient

basis from which to evaluate the fairness of the . . . sum" without the need for a separate

hearing on damages); *Lenard v. Design Studio*, 889 F. Supp. 2d 518, 523-24, 526-27 (S.D.N.Y.

2012) (adopting the magistrate judge's report and recommendation on damages, issued after

referral for inquest into damages following default judgment against the defendant, without an

evidentiary hearing). To the extent any party seeks an evidentiary hearing, such party must set

forth in its submissions the reason why the inquest should not be conducted based upon the

written submissions alone, including a description of what witnesses would be called to testify

at a hearing, and the nature of the evidence that would be submitted.

DATED: August 13, 2025
        New York, New York

SO ORDERED.

**ROBYN F. TARNOFSKY**
**United States Magistrate Judge**