UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| PAUL SPINELLI, SCOTT BOEHM, and DAVID STLUKA,<br><br>Plaintiffs,<br><br>v.<br><br>BRIAN ALBERT BOUCHER d/b/a FOTOVINTING,<br><br>Defendant. | 24-CV-2562 (RA)<br><br>ORDER |

RONNIE ABRAMS, United States District Judge:

Plaintiffs Paul Spinelli, Scott Boehm, and David Stluka bring this action for copyright infringement against Defendant Brian Albert Boucher, d/b/a Fotovinting. Dkt 1 ("Compl.") at 1. On August 8, 2025, the Court granted Plaintiffs' motion for default judgment against Boucher, Dkt. 133, and referred this matter to Magistrate Judge Tarnofsky for a damages inquest. Dkt. 134.

Before the Court is Judge Tarnofsky's Report and Recommendation, dated April 8, 2026, recommending that the Court enter judgment against Boucher in favor of Plaintiffs in the amount of $62,322,50. Dkt. 144 at 27 (the "Report"). A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). "Within fourteen days after being served with a copy [of a report], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court." *Id.*; *see also* Fed. R. Civ. P. 72(b). Where no timely objection has been made to a magistrate judge's report and recommendation, "a district court need only satisfy itself that there is no clear error on the face of the record." *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985). "Furthermore, if as here . . . the magistrate judge's report states that failure to object will preclude appellate review and no objection is made within the allotted time, then the failure to

object generally operates as a waiver of the right to appellate review." *Hamilton v. Mount Sinai Hosp.*, 331 F. App'x 874, 875 (2d Cir. 2009).

As no objections to the Report were timely filed—despite the Report's clear warning as to the consequences of failing to do so, *see* Report at 28—the Court has reviewed Judge Tarnofsky's Report for clear error. After careful review of the record, the Court finds no error and thus adopts the well-reasoned Report in its entirety. For the reasons stated above and in the Report, the Court finds that Plaintiffs are entitled to an award of $62,322.50, consisting of (1) $45,0000 in statutory damages under the Copyright Act, with $5,000 for Boehm, $5,000 for Stluka, and $35,000 for Spinelli; and (2) reasonable attorneys' fees and costs in the amount of $17,322.50, with $16,917.50 in fees and $405.00 in costs. The Clerk of Court is respectfully directed to enter judgment consistent with this Order and terminate this case.

SO ORDERED.

Dated: July 28, 2026
New York, New York

Hon. Ronnie Abrams
United States District Judge